1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9

10    BRIAN WHITAKER,

11                 Plaintiff,                    No.  C 21-09553 WHA

12          v.

13    ANAVELA VASQUEZ,                           **ORDER TO SHOW CAUSE**

14                 Defendant.

15    _____

16          *First*, federal courts may decline to exercise supplemental jurisdiction over a state law

17    claim "in exceptional circumstances."  28 U.S.C. § 1367(c)(4).  When a "high-frequency"

18    litigant asserts in federal court a claim under the California Unruh Civil Rights Act alongside a

19    claim under the ADA, their "high frequency" status may constitute an exceptional

20    circumstance that justifies dismissal of the Unruh Act claim.  *Arroyo v. Rosas*, 19 F. 4th 1202,

21    1211 (9th Cir. 2021); *see also Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9,

22    2022) (Judge Joseph C. Spero).

23          Plaintiff is now **ORDERED TO SHOW CAUSE** why, assuming, *arguendo*, subject-matter

24    jurisdiction over the ADA claim exists, a future order should not decline to exercise

25    supplemental jurisdiction over the Unruh Act claim for the reasons stated in *Arroyo*.  19 F. 4th

26    at 1207.

27          In *Arroyo*, our court of appeals concluded "that the district court did not abuse its

28    discretion in determining that the situation presented . . . involve[d] 'exceptional

United States District Court
Northern District of California

1    circumstances'" sufficient to decline supplemental jurisdiction over an Unruh Act claim, had

2    the court done so at an earlier stage. *Id*. at 1214 (reversing on judicial economy and

3    convenience grounds because when it declined supplemental jurisdiction, the district court had

4    granted judgment to the plaintiff on the ADA claim).

5        In light of the well-pleaded allegations by the San Francisco and Los Angeles District

6    Attorneys regarding the conduct of the Potter Handy firm and its clients, plaintiff's counsel

7    must submit one or more declaration(s) substantiating, in detail, the allegations that the

8    plaintiff visited the establishment in the first place. *See* Complaint, *People of the State of*

9    *California v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct. 2022), 2022 WL

10   1102496.  The declaration must substantiate the jurisdictional allegations as to any "real and

11   immediate threat of repeated injury." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*,

12   753 F.3d 862, 867 (9th Cir. 2014) (cleaned up).  This must adequately address plaintiff's intent

13   to return to the defendant's establishment.  Alternatively, if plaintiff alleges deterrence,

14   counsel's declaration must describe how and when plaintiff visited the establishment, how and

15   when he was deterred from patronizing it, plaintiff's intent to return to the geographic area, and

16   finally his desire to return to the facility were it made accessible. *See D'Lil v. Best W. Encina*

17   *Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

18       *Second*, with respect to the plaintiff's ADA claim, federal courts "have an independent

19   obligation to determine whether subject-matter jurisdiction exists, even in the absence of a

20   challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Consistent with

21   that independent obligation, plaintiff is likewise also ORDERED TO SHOW CAUSE why this case

22   should not be dismissed for lack of Article III standing.  Plaintiff must submit a declaration

23   separate from that of counsel.  Plaintiff must swear this declaration under penalty of perjury.

24   Just like the declaration of counsel, plaintiff's declaration must swear to the facts supporting all

25   jurisdictional requirements detailed above that are necessary to support a "real and immediate

26   threat of repeated injury." *Ervine*, 753 F.3d at 867–68.

27       *Third*, assuming that a future order herein finds the jurisdictional allegations contained in

28   the declarations facially adequate, defendant shall have the option to conduct jurisdictional

discovery.  If defendant opts for jurisdictional discovery, it will be permitted to take discovery on plaintiff's intent to return and whether plaintiff did, in fact, personally visit defendant's establishment in the first place.  Regardless of whether jurisdictional discovery takes place, an in-person evidentiary hearing will likely be scheduled to test the veracity of the jurisdictional allegations submitted in response to this order to show cause.

Plaintiff and counsel must respond by **MAY 19, 2022**.  Failure to respond will result in a dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated:  May 5, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE